# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| SAGREN KEVIN GOVENDER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:17-cv-00727-O-BP |
| § | |
| BSI FINANCIAL SERVICES et al., § | |
| § | |
| Defendants. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendants' Motion to Dismiss (ECF No. 6), filed September 21, 2017. Plaintiff Sagren Kevin Govender ("Govender") has not filed a response despite the Court notifying him of the deadline to respond and, though he did not seek an extension, twice extending the response deadline *sua sponte*. ECF Nos. 7–9. In fact, Govender has not made any filings beyond the original complaint or communicated with this Court in any way.

Govender alleges breach of his home equity loan contract, fraud, federal and state consumer protection violations, and the filing of a false lien. ECF No. 1-4 at 14–23. He claims that the assignments of his loan were faulty and that a promised loan modification did not occur. *Id.* He seeks to prevent foreclosure on his home. *Id.* at 14.

On September 21, 2017, Defendants BSI Financial Services LLC and Wilmington Savings Fund FSB, as trustee for the Primestar-H Fund I Trust, ("BSI and Wilmington") filed a motion to dismiss for failure to state a claim upon which relief could be granted. ECF No. 6. BSI and Wilmington attached to their motion to dismiss evidence that included the original Deed of Trust, a number of assignments of that deed, and docket sheets for a number of related cases, one of which (labelled "WFC Suit 2") is a nearly identical copy of the instant suit. ECF Nos. 6-1 and 6-

2. BSI and Wilmington argue that Govender does not have standing to challenge assignments of his loan, that his claims are barred by statutes of limitation and by the statute of frauds, that he has not pleaded any facts that could result in liability for state or federal consumer protection violations, and that the assignments cannot be fraudulent liens as they are not liens under the relevant statute. ECF No. 6 at 9–19. BSI and Wilmington further argue that Govender is not entitled to injunctive relief because he has no viable underlying cause of action. *Id.* at 20. They request that the Court dismiss all of Govender's claims with prejudice. *Id.* Govender has not responded to Defendants' Motion to Compel despite having had several opportunities to do so.

The Court also notes that the present suit is a near carbon copy of one filed by Govender's wife Ana, which was previously dismissed for lack of response. *See Govender v. BSI Fin. Servs. et. al.*, 4:17-cv-00288-O-BP (N.D. Tex. July 12, 2017). Vexatious and repetitive litigation can be grounds for sanctions, including restrictions on the ability to file pleadings in court. *Whitehead v. White & Case, L.L.P.*, 519 Fed. App'x. 330, 332 (5th Cir. 2013); *Terra Partners v. Rabo Agrifinance, Inc.*, 504 Fed. App'x. 288, 290 (5th Cir. 2012).

Because it is clear that the Defendants are entitled to judgment as a matter of law for each of the reasons stated in their Motion to Dismiss (ECF No. 6), and because the instant suit is virtually identical to a case filed by Plaintiff's wife that the Court dismissed with prejudice earlier this year, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** Defendants' Motion to Dismiss and **DISMISS** with prejudice all of Plaintiff's claims.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an

objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed November 28, 2017.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE